IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

SHAWN RHODES,

                Plaintiff,

v.

KILOLO KIJAKAZI[1],
Acting Commissioner of Social Security,

                Defendant.

OPINION AND ORDER

20-cv-469-slc

_____

On August 31, 2017, plaintiff Shawn Rhodes filed applications for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act. Rhodes alleged that he had been disabled since January 1, 2014 from a number of impairments, including degenerative disc disease, chronic pain, a shoulder impairment, and mood and anxiety disorders. On September 11, 2019, an administrative law judge (ALJ) issued a decision finding that in spite of his severe impairments, Rhodes remained capable of performing a limited range of sedentary work from his alleged onset date forward. The ALJ further found that, although Rhodes's limitations prevented him from performing his past work, he was able to make a vocational adjustment to other jobs existing in the national economy until April 10, 2019, when he turned 50 years old. On that date, found the ALJ, Rhodes's age category changed to an individual "closely approaching advanced age," which had the effect of qualifying him as disabled under the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. Accordingly, he found that Rhodes was disabled and entitled to social security benefits beginning April 10, 2019, but not before.

Rhodes now seeks judicial review of the adverse portion of the ALJ's decision finding him not disabled between January 1, 2014 and April 10, 2019. He raises a single challenge: that the ALJ erred by failing to consider whether he was disabled between August 27, 2017 and April 10,

---

[1] The court has changed the caption to reflect Kilolo Kijakazi's recent appointment as acting commissioner.

2019 as a result of his frequent medical appointments and hospital stays during this time period.

This argument is not persuasive. While in some cases a claimant's need for extensive treatment might preclude a regular, full-time work schedule, *see, e.g., Cooper v. Colvin*, 224 F. Supp. 3d 663, 671 (C.D. Ill. 2016) (plaintiff received infusion treatments for low antibodies at the hospital every two weeks, which took eight hours and could not be scheduled on weekends), Rhodes develops no such argument here. Instead, he simply lists the dates and reasons for his medical appointments, attaches the relevant records to his brief, and says he would have missed too much work during this time period to maintain regular employment. This is insufficient. *See Sauer v. Saul*, No. 19-C-927, 2020 WL 3397406, at *17 (E.D. Wis. June 19, 2020) ("Numerosity of medical appointments alone cannot establish disability."); *Hoppa v. Colvin*, No. 12-cv-847-bbc, 2013 WL 5874639, at *5, 2013 U.S. Dist. LEXIS 156147, at *13 (W.D. Wis. Oct. 30, 2013) ("If the 'sheer number of medical visits' were sufficient on its own, claimants could manufacture their own disabilities simply by going to the doctor as often as possible for any or no reason."); *Best v. Berryhill*, 730 Fed. Appx. 380, 382 (7th Cir. 2018) ("Best cannot point to anything in the record to suggest that his appointments would require him to miss a full day of work or that he could not schedule his appointments outside of working hours."); *Stone v. Berryhill*, No. 17-cv-3193, 2018 WL 5300381, at *19, 2018 U.S. Dist. LEXIS 182284, at *60 (C.D. Ill. Oct. 18, 2018) ("Stone is speculating on what she would have done had she been working. If Stone had been working, she might have scheduled her medical appointments on her days off or combined appointments. No one knows. No one knows because this argument is all speculation.")

Moreover, while the record shows that Rhodes would have missed numerous days due to hospital stays for blood clots and then a stroke in the Fall of 2018, to qualify as disabled Rhodes needed to show that his medical impairments prevented him from engaging in substantial gainful activity for a continuous period of not less than 12 months. 42 U.S.C. §

423(d)(1)(a). Rhodes does not argue or even suggest that he continued to require inpatient stays for his blood clots, stroke or any other impairment after February 13, 2019; therefore, he falls far short of establishing any 12-month period when he could not attend work on a regular basis.

Finally, I decline to consider Rhodes's alternative argument that the records attached to his brief provide objective medical evidence to support his disability claim. The argument is not only skeletal, it was not raised until reply, so Rhodes has waived it. *Hernandez v. Cook County Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) ("It is well established in our precedents that skeletal arguments may be properly treated as waived, as may arguments made for the first time in reply briefs[.]") (Internal citations and quotation marks omitted)).

## ORDER

IT IS ORDERED that the decision of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, is AFFIRMED and plaintiff Shawn Rhodes's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 21st day of September, 2021.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge